IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| MIRIAM MENDOZA MARTINEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>v.<br><br>CHINA GARDEN OF VIRGINA, INC.<br>d/b/a CHINA GARDEN HAN GONG<br>11333 Woodglen Drive<br>Rockville, MD 20852<br>(Montgomery County)<br><br>CHRIS F. ZHU<br>8031 Cobble Creek Circle<br>Potomac, MD 20854<br>(Montgomery County)<br><br>SUYUN ZHU<br>13618 Crusader Way<br>Germantown, MD 20874<br>(Montgomery County)<br><br>SULING ZHU<br>13618 Crusader Way<br>Germantown, MD 20874<br>(Montgomery County)<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT**

1.    While Plaintiff worked over seventy hours a week at China Garden Han Gong, Defendants paid Plaintiff a flat salary that denied her minimum and overtime wages.

2. Plaintiff brings this action against China Garden of Virginia, Inc., Chris F. Zhu, Suyun Zhu, and Suling Zhu ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5. Plaintiff Miriam Mendoza Martinez is an adult resident of Montgomery County, Maryland.

6. Defendant China Garden of Virginia, Inc. is a Maryland corporation. It does business as China Garden Han Gong. Its principal place of business is located at 11333 Woodglen Drive, Rockville, MD 20852. Its resident agent for service of process is Chris Zhu, 14721 Seneca Castle Court, Gaithersburg, MD 20878.

7. Defendant Chris F. Zhu is an adult resident of Montgomery County, Maryland. She resides at 8031 Cobble Creek Circle, Potomac, MD 20854. She is an owner and officer of Defendant China Garden of Virginia, Inc. She exercises control over the operations of China Garden of Virginia, Inc. — including its pay practices.

8. Defendant Suyun Zhu is an adult resident of Montgomery County, Maryland. She resides at 13618 Crusader Way, Germantown, MD 20874. She is an owner and officer of Defendant China Garden of Virginia, Inc. She exercises control over the operations of China Garden of Virginia, Inc. — including its pay practices.

9. Defendant Suling Zhu is an adult resident of Montgomery County, Maryland. She resides at 13618 Crusader Way, Germantown, MD 20874. She is an owner and officer of Defendant China Garden of Virginia, Inc. She exercises control over the operations of China Garden of Virginia, Inc. — including its pay practices.

**Factual Allegations**

10. Defendants own and operate the restaurant China Garden Han Gong, located at 11333 Woodglen Drive, Rockville, MD 20852.

11. Plaintiff worked at China Garden Han Gong from approximately November 30, 2019 through approximately October 15, 2021 — with a leave of absence from approximately March 16, 2020 through approximately July 12, 2020.

12. Plaintiff worked at China Garden Han Gong as a dishwasher.

13. Plaintiff's job duties at China Garden Han Gong primarily consisted of washing dishes, receiving bulk deliveries, cleaning meats and fish, and washing and cutting vegetables. She also swept and mopped floors, cleaned bathrooms and, at the end of her shifts, cleaned the kitchen.

14. From approximately November 30, 2019 through approximately March 15, 2020, Plaintiff typically and customarily worked six days per week.

15. From approximately November 30, 2019 through approximately March 15, 2020, Plaintiff typically and customarily worked a weekly schedule of seventy-five hours per week. But in addition to her regular weekly schedule, Plaintiff often helped Defendants host late-night parties. At these parties, Plaintiff often worked an additional four hours per week, bringing her weekly total of hours worked to seventy-nine.

16. From approximately March 16, 2020 through approximately July 12, 2020, Plaintiff did not work due to the COVID-19 pandemic.

17. From approximately July 13, 2020 through approximately August 2, 2020, Plaintiff worked approximately twenty hours per week.

18. From approximately August 3, 2020 through approximately October 15, 2021, Plaintiff again typically and customarily worked six days per week.

19. From approximately August 3, 2020 through approximately October 15, 2021, Plaintiff worked a weekly schedule of approximately sixty hours per week. But in addition to her weekly schedule, Plaintiff again helped Defendants with late-night parties for approximately four hours per week. As a result, she worked approximately sixty-four hours per week during this time..

20. From approximately November 30, 2019 through approximately March 15, 2020, Defendants paid Plaintiff a semimonthly salary.

21. From approximately November 30, 2019 through approximately March 15, 2020, Defendants paid Plaintiff a semimonthly salary of $1,300.00.

22. From approximately July 13, 2020 through October 15, 2021, Defendants paid Plaintiff a monthly salary.

23. Defendants paid Plaintiff approximately the following monthly salaries:

| Approximate Dates | Salary | Effective Hourly Rate |
|---|---|---|
| Jul. 13, 2020–Aug. 02, 2020 | $800.00 | $9.23 |
| Aug. 03, 2020–May 31, 2021 | $2,600.00 | $9.38 |
| Jun. 01, 2021–Jul. 31, 2021 | $2,800.00 | $10.10 |
| Aug. 01, 2021–Sep. 30, 2021 | $2,900.00 | $10.46 |

24. For Plaintiff's final fifteen days of work, from approximately October 1, 2021 through October 15, 2021, Defendants paid her $1,500.00.

25. At all relevant times, Defendants typically and customarily paid Plaintiff by cash.

26. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

27. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable Maryland and Montgomery County minimum wages.

28. Maryland law requires that employers with fifteen or more employees pay employees at least $10.10 per hour from July 1, 2018 through December 31, 2019, $11.00 per hour from January 1, 2020 through December 31, 2020, and $11.75 per hour from January 1, 2021 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

29. The Montgomery County minimum wage for employers with eleven to fifty employees was $12.00 per hour from July 1, 2018 through June 30, 2019, $12.50 per hour from July 1, 2019 through June 30, 2020, $13.25 per hour from July 1, 2020 through June 30, 2021, and $14.00 per hour from July 1, 2021 through the present. Montgomery County Code, § 27-68.

30. At all relevant times, at least fifteen individuals worked at China Garden Han Gong.

31. Defendants owe Plaintiff approximately $36,359.00 in minimum and overtime wages (excluding liquidated damages).

32. Defendant Chris F. Zhu participated in the decision to set the restaurant's hours of operations.

33. Defendant Chris F. Zhu participated in the decision to hire employees on behalf of China Garden of Virginia, Inc.

34. Defendant Chris F. Zhu participated in the decision to hire Plaintiff.

35. Defendant Chris F. Zhu participated in decisions to set employee schedules on behalf of China Garden of Virginia, Inc.

36. Defendant Chris F. Zhu had the authority to sign checks on behalf of China Garden of Virginia, Inc.

37. Defendant Chris F. Zhu has signed checks on behalf of China Garden of Virginia, Inc.

38. Defendant Suyun Zhu participated in the decision to set the restaurant's hours of operations.

39. Defendant Suyun Zhu participated in the decision to hire employees on behalf of China Garden of Virginia, Inc.

40. Defendant Suyun Zhu participated in the decision to hire Plaintiff.

41. Defendant Suyun Zhu participated in decisions to set employee schedules on behalf of China Garden of Virginia, Inc.

42. Defendant Suyun Zhu had the authority to sign checks on behalf of China Garden of Virginia, Inc.

43. Defendant Suyun Zhu has signed checks on behalf of China Garden of Virginia, Inc.

44. Defendant Suling Zhu participated in the decision to set the restaurant's hours of operations.

45. Defendant Suling Zhu participated in the decision to hire employees on behalf of China Garden of Virginia, Inc.

46. Defendant Suling Zhu participated in the decision to hire Plaintiff.

47. Defendant Suling Zhu participated in decisions to set employee schedules on behalf of China Garden of Virginia, Inc.

48. Defendant Suling Zhu had the authority to sign checks on behalf of China Garden of Virginia, Inc.

49. Defendant Suling Zhu has signed checks on behalf of China Garden of Virginia, Inc.

50. At all relevant times, Defendants had the power to hire and fire Plaintiff.

51. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

52. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

53. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

54. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times her regular hourly rate for all hours worked in excess of forty hours in any one workweek.

55. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable Maryland and Montgomery County minimum wage.

56. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to her.

57. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

58. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

59. At all relevant times, Defendants had employees who handled food products, such as fish, pork, beef, or rice that had been raised or grown outside of Maryland.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

60. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

61. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

62. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

63. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

64. Defendants' violations of the FLSA were willful.

65. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

66. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

67. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

68. The MWHL requires that employers with fifteen or more employees to pay employees at least $10.10 per hour from July 1, 2018 through December 31, 2019, $11.00 per hour from January 1, 2020 through December 31, 2020, and $11.75 per hour from January 1, 2021 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

69. The MWHL requires employers to pay employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

70. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

71. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

72. Defendants' violations of the MWHL were willful.

73. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid Minimum and Overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

74. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

75. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

76. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

77. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

78. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

79. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum and overtime wages.

80. Defendants' violations MWPCL were willful.

81. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$109,479.00,** and grant the following relief:

    a. Award Plaintiff $109,077.00, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

        iii. three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

  b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

  c. Award Plaintiff reasonable attorney's fees and expenses;

  d. Award Plaintiff court costs (currently, $402.00); and

  e. Award any additional relief the Court deems just.

November 3, 2021         Respectfully submitted,

               **DCWAGELAW**

               By: /s/ Justin Zelikovitz
               JUSTIN ZELIKOVITZ, #17567
               519 H Street NW
               Washington, DC 20001
               Phone: (202) 803-6083
               Fax: (202) 683-6102
               justin@dcwagelaw.com

               *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

               /s/ Justin Zelikovitz
               JUSTIN ZELIKOVITZ